UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>    v.<br><br>FREDERIC A. YURISICH and VERA M. YURISICH,<br><br>         Defendants. | No. CR-06-058-FVS<br><br>ORDER |

**THIS MATTER** comes before the Court based upon the defendants' motion to dismiss. Frederic A. Yurisich is represented by Kimberly A. Deater. Vera M. Yurisich is represented by Frank L. Cikutovich. The government is represented by K. Jill Bolton.

**BACKGROUND**

On September 24, 2001, Frederic Yurisich was injured and the vehicle that he was driving was damaged when it was struck by a vehicle that was driven by an employee of the United States Department of Agriculture. Later, Mr. Yurisich underwent shoulder surgery. He and his wife, Vera Yurisich, retained attorney John Brangwin to represent them. He filed a tort action against the United States and, in due course, propounded discovery requests. The United States was represented by Frank Wilson, an Assistant United States Attorney. He arranged for federal investigators to surreptitiously video Mr.

ORDER - 1

Yurisich while he performed a number of activities that required him to use the surgically repaired shoulder.  In addition, Mr. Wilson noted the depositions of Mr. and Mrs. Yurisich for September 16, 2004. Prior to their depositions, Mr. Wilson answered Mr. Brangwin's discovery requests, but he did not disclose the surveillance videos. Mrs. Yurisich was present at her husband's deposition.  Mr. Wilson questioned him about the range of activities he was capable of performing.  He allegedly testified in a manner inconsistent with the actions recorded in the surveillance videos.  Mr. Wilson also deposed Mrs. Yurisich.  She allegedly confirmed the veracity of her husband's description of the activities that he was capable of performing.  Less than one week after the depositions, Mr. Wilson disclosed the videos to Mr. Brangwin.  The case settled during December of 2004.  On June 6, 2006, the government filed an indictment charging the Yurisiches with perjury.  The indictment is signed by James A. McDevitt, the United States Attorney for the Eastern District of Washington, and K. Jill Bolton, an Assistant United States Attorney.  The Yurisiches move to dismiss on the ground the charges are vindictive.

**RULING**

"[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364, 98 S.Ct. 663, 668, 54 L.Ed.2d 604 (1978) (hereinafter "*Hayes*").  A prosecutor's charging

decisions are cloaked with a "'presumption of regularity.'" *United States v. Armstrong*, 517 U.S. 456, 464, 116 S.Ct. 1480, 1486, 134 L.Ed.2d 687 (1996) (quoting *United States v. Chemical Foundation, Inc.*, 272 U.S. 1, 14, 47 S.Ct. 1, 6, 71 L.Ed. 131 (1926)). The Supreme Court is disinclined to second-guess a prosecutor's charging decisions. *Wayte v. United States*, 470 U.S. 598, 607, 105 S.Ct. 1524, 1530, 84 L.Ed.2d 547 (1985) ("the decision to prosecute is particularly ill-suited to judicial review"). This is especially true when the disputed decision occurs before trial begins (a decision made after a conviction has been reversed is a different matter). *United States v. Goodwin*, 457 U.S. 368, 381-82, 102 S.Ct. 2485, 2492-93, 73 L.Ed.2d 74 (1982). Nevertheless, a prosecutor's charging decisions are subject to constitutional constraints. *Armstrong*, 517 U.S. at 464, 116 S.Ct. at 1486. "To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort[.]" *Hayes*, 434 U.S. at 363, 98 S.Ct. at 668. "[T]he mere filing of an indictment can support a charge of vindictive prosecution." *United States v. Hooten*, 662 F.2d 628, 634 (9th Cir.1981), *cert. denied*, 455 U.S. 1004, 102 S.Ct. 1640, 71 L.Ed.2d 873 (1982). If a defendant presents direct evidence of vindictiveness, the prosecutor must demonstrate that the disputed charging decision was based upon non-vindictive considerations. *See United States v. Jarrett*, 447 F.3d 520, 525 (7th Cir.2006) (citations omitted). The Yurisiches have not presented direct evidence of vindictiveness. Rather, they argue that an appearance of vindictiveness exists; that

ORDER - 3

is to say, the Court should presume the existence of vindictiveness based upon circumstantial evidence. However, courts have been reluctant to presume vindictiveness based upon events occurring prior to trial. *See, e.g., Jarrett*, 447 F.3d at 525 ("Although there are limited circumstances in which a defendant is entitled to a burden-shifting presumption of vindictiveness, cases where courts have found such circumstances have arisen exclusively in the post-trial context."). In the Ninth Circuit, "the appearance of vindictiveness results only where, as a practical matter, there is a realistic or reasonable likelihood of prosecutorial conduct that would not have occurred but for hostility or a punitive animus towards the defendant because he has exercised his specific legal rights." *United States v. Gallegos-Curiel*, 681 F.2d 1164, 1169 (9th Cir.1982). If the Yurisiches make a prima facie showing, the burden shifts to the government to present evidence that dispels the appearance of vindictiveness. *Id.* at 1168.

    The Yurisiches argue that Mr. Wilson violated the Federal Rules of Civil Procedure by refusing to disclose the videos prior to their depositions. They insist they suffered prejudice as a result. Since Mr. Wilson knew the content of the videos, but they did not, he was able to ask questions whose significance they did not appreciate. In their opinion, Mr. Wilson's behavior reflects animus toward them. Moreover, as the record now stands, they do not know whether he played a role in the decision to seek their indictment. They argue that, since perjury charges are rare, he must have had some influence on the

ORDER - 4

ultimate decision. They urge the Court to order the government to disclose the role, if any, played by Mr. Wilson in the decision-making process and to establish a non-vindictive basis for seeking the indictment.

As noted above, there is no direct evidence of vindictiveness on the part of Mr. Wilson, Mr. McDevitt, or Ms. Bolton. Instead, the issue is whether there is circumstantial evidence of vindictiveness. The Yurisiches argue that vindictiveness may be presumed from Mr. Wilson's behavior. Consequently, the Yurisiches must demonstrate at least two things. The first is that it is reasonable to think that Mr. Wilson acted as he did out of "hostility or punitive animus." *Gallegos-Curiel*, 681 F.2d at 1169. The second is that a causal connection exists between Mr. Wilson's alleged attitude and his colleagues' decision to seek perjury charges.[1]

Courts have yet to reach consensus upon whether and, if so, the point at which surveillance videos must be disclosed. *See, e.g., Brannan v. Great Lakes Dredge & Dock Co.*, 96 Civ. 4142, 1998 WL 229521, at *1-*2, 1998 U.S. Dist. LEXIS 6383, *3 (S.D.N.Y. May 7, 1998); *Smith v. Diamond Offshore Drilling, Inc.*, 168 F.R.D. 582, 586-

---

[1] In *Hartman v. Moore*, 547 U.S. ----, ----, 126 S.Ct. 1695, 1700, 164 L.Ed.2d 441 (2006), the plaintiff alleged that federal investigators induced an Assistant United States Attorney to seek criminal charges against him because he criticized the Postal Service. One of the issues was causation. "Some sort of allegation," said the Supreme Court, "is needed both to bridge the gap between the nonprosecuting government agent's motive and the prosecutor's action, and to address the presumption of prosecutorial regularity."

ORDER - 5

87 (S.D.Tex.1996); *Ward v. CSX Transp., Inc.*, 161 F.R.D. 38, 39-41 (E.D.N.C.1995). Even if Mr. Wilson should have sought a protective order rather than unilaterally withholding the videos until after the Yurisiches' depositions, the dispute over the videos' disclosure must be viewed against the record as a whole. The United States admitted liability for the collision. The parties negotiated in good faith and reached an amicable settlement. The United States paid $45,000 to Mr. Yurisich. According to Mr. Brangwin's testimony, this sum fairly compensated Mr. Yurisich for the damages he sustained as a result of the collision. Mr. Brangwin is firmly convinced that the videos had limited evidentiary value and little or no impact upon the resolution of Mr. Yurisich's personal injury claim. Given these undisputed circumstances, it is unrealistic to think that the claim or the settlement provoked hostility or punitive animus on the part of Mr. Wilson. The most that can be said is that he aggressively defended his client, but aggressive lawyering is not the same as hostility or punitive animus. Since nothing Mr. Wilson said or did creates an appearance of vindictiveness, there is no need to determine whether there is a causal connection between his conduct and his colleagues' decision to seek the Yurisiches' indictment for perjury. The Yurisiches' motion to dismiss will be denied.[2]

---

[2] Some of the issues raised by the Yurisiches' motion might have been avoided had this case been referred to a prosecutor outside the Eastern District of Washington for a decision with respect to whether to seek an indictment. However, the United States Attorney was under no obligation to proceed in this manner.

ORDER - 6

**IT IS HEREBY ORDERED:**

The defendants' motion to dismiss (**Ct. Rec. 34**) is denied.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this ___13th___ day of November, 2006.

                      s/ Fred Van Sickle
                        Fred Van Sickle
                United States District Judge

ORDER - 7