1    UNITED STATES DISTRICT COURT

2    EASTERN DISTRICT OF WASHINGTON

3

4

5    UNITED STATES OF AMERICA,
                                              No. CR-06-058-FVS
6                Plaintiff,

7                                             ORDER
           v.
8

9    FREDERIC A. YURISICH and VERA M.
     YURISICH,
10
                Defendants.
11

12       **THIS MATTER** comes before the Court based upon the defendants'

13   respective motions for a new trial and judgment of acquittal.

14   Frederic A. Yurisich is represented by Kimberly A. Deater.  Vera M.

15   Yurisich is represented by Frank L. Cikutovich.  The government is

16   represented by K. Jill Bolton.

17       **BACKGROUND**

18       Frederic and Vera Yurisich filed a civil action against the

19   United States.  On September 16, 2004, Assistant United States

20   Attorney ("AUSA") Frank Wilson took their depositions.  Approximately

21   two months later, the Yurisiches settled their claims against the

22   United States.  On June 6, 2006, the United States Attorney for the

23   Eastern District of Washington filed an indictment charging both Mr.

24   and Mrs. Yurisich with perjury.  18 U.S.C. § 1621.  Trial began on

25   December 4th.  During the course of the trial, the Court admitted a

26

ORDER - 1

transcript of Yurisiches' depositions.  The jury returned verdicts of guilty on December 8th.  On December 14th, Mr. Yurisich moved for a new trial.  Fed.R.Crim.P. 33.  The next day, Mrs. Yurisich also moved for a new trial.  *Id.*  On December 19th, the Court granted an extension of the deadline for filing memoranda.  On January 18, 2007, the Court granted a second extension.  Mr. Yurisich filed a memorandum on February 1st.  Mrs. Yurisich did not file a memorandum in support of her motion for a new trial.  Instead, on February 2nd, she filed a motion for judgment of acquittal.  Fed.R.Crim.P. 29(c).

**RULING**

Frederic Yurisich

Mr. Yurisich argues that the questions which AUSA Wilson posed during his deposition constitute testimonial statements within the meaning of *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), and *Davis v. Washington*, 547 U.S. ----, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006).  Furthermore, there is no indication that AUSA Wilson was unavailable to testify at Mr. Yurisich's perjury trial.  It follows, says Mr. Yurisich, that the Court violated his right to confrontation as guaranteed by the Sixth Amendment to the Constitution by admitting the transcript of his deposition without redacting AUSA Wilson's questions.  *See Crawford*, 541 U.S. at 68, 124 S.Ct. at 1374.  Mr. Yurisich argues that the error was plain and that he is entitled to a new trial.  The Court disagrees.  In *Crawford*, the Supreme Court noted, "The [Confrontation] Clause . . . does not bar the use of testimonial statements for purposes other than establishing

ORDER - 2

the truth of the matter asserted."  541 U.S. at 60 n.9, 124 S.Ct. at

1369 n.9 (citation omitted).  Citing this observation, two circuit

courts of appeal have stated that *Crawford* "only covers hearsay, *i.e.,*

out-of-court statements 'offered in evidence to prove the truth of the

matter asserted.'"  *United States v. Tolliver*, 454 F.3d 660, 666 (7th

Cir.2006) (quoting Federal Rule of Evidence 801).  *See also United*

*States v. Faulkner*, 439 F.3d 1221, 1226 (10th Cir.2006) (same).  There

is no reason to think the Ninth Circuit will disagree.  The issue,

then, is whether AUSA Wilson's questions during the deposition were

hearsay when presented to the jury during the Yurisiches' perjury

trial.  They were not.  *United States v. Anfield*, 539 F.2d 674 (9th

Cir.1976), provides useful guidance.  In that case, Billy Anfield

testified before a grand jury and, later, at the trial of Leslie

Jackson.  *Id.* at 676.  The testimony that Mr. Anfield gave at Mr.

Jackson's trial differed in material respects from the testimony he

provided to the grand jury.  *Id.*  The United States charged Mr.

Anfield with perjury.  *Id.*  The AUSA who handled Mr. Jackson's case

testified at Mr. Anfield's trial, relating what Anfield had said to

the grand jury.  *Id.* at 678.  Mr. Anfield objected on the ground that

the AUSA's testimony was inadmissible hearsay.  The Ninth Circuit

disagreed:

> The prosecutor's testimony at appellant's trial that
> appellant had testified before the grand jury that Jackson
> told him that there was a camera and a single girl in the
> bank which was robbed and then denied this at Jackson's
> trial was not hearsay for the purposes of the present case.
> The prosecutor was not attempting to prove that there was in
> fact a camera and single girl in the bank; those facts were

ORDER - 3

> not in issue at appellant's trial.  Rather, the prosecutor's statements indicate only that the appellant made inconsistent statements under oath.

*Id.*  This case is similar.  The government did not offer AUSA Wilson's deposition questions at the Yurisiches' perjury trial in order to prove the activities that Mr. Yurisich was capable of performing.  To the contrary, the government offered AUSA Wilson's questions in order to establish the context in which the Yurisiches gave their deposition answers.  A statement offered to show context generally is not hearsay.  *See United States v. Whitman*, 771 F.2d 1348, 1352 (9th Cir.1985) ("the court did not admit the informant's statements for their truth but only to show that they were made").  Consequently, AUSA Wilson's questions do not fall within the scope of *Crawford* and *Davis*.[1]

Vera Yurisich

Federal Rule of Criminal Procedure 29(c)(1) provides that a post-trial motion for judgment of acquittal must be made within seven days of the verdict.  The defendant may move for an extension of the seven-day deadline, but the defendant must do so within seven days of the verdict.  Fed.R.Crim.P. 29, Advisory Committee Notes, 2005 Amendments ("The defendant may, under Rule 45, seek an extension of time to file the underlying motion as long as the defendant does so within the seven-day period.").  Mrs. Yurisich did not file either a Rule 29(c) motion or a request for an extension during the seven days following

---

[1]By not filing a memorandum, Mrs. Yurisich abandoned her motion for a new trial.

ORDER - 4

the verdict.  Thus, her Rule 29(c) motion is untimely.

**IT IS HEREBY ORDERED:**

1. Frederic Yurisich's motion for a new trial (**Ct. Rec. 107**) is denied.

2. Vera Yurisich's motion for a new trial (**Ct. Rec. 109**) is denied.

3. Vera Yurisich's motion for judgment of acquittal (**Ct. Rec. 119**) is denied.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this   12th   day of April, 2007.

          s/Fred Van Sickle
          Fred Van Sickle
       United States District Judge

ORDER - 5